NO SUMMONS ISSUED

IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.

★ MAR 0 6 2013 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------X

OUTANDEO JAINARINE,

                                    Plaintiff,

            -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT and P.O. STEPHEN
KINNEY,

                                    Defendant.

------------------------------------X

CIVIL ACTION NO.

CV 13- 1209

GARAUFIS, J. COMPLAINT

JURY TRIAL DEMANDED

REYES, M.J

        The plaintiff, complaining of the defendants, by his attorney, MICHAEL DREISHPOON, ESQ., respectfully shows to this Court and alleges:

JURISDICTION

        1.   Jurisdiction is founded upon the existence of a Federal Question.

        2.   This is an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege and immunity secured to plaintiff by the First, Fourth and Fourteenth Amendments to the Constitution of the United States, Title 42 of the United States Code, Section 1983 and under the laws and statutes of the State of New York.

        3.   Jurisdiction is founded upon U.S.C. Sections 1331 and 1343(4), this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation,

custom or usage of a right, privilege and immunity secured to the plaintiff by the First, Fourth and Fourteenth Amendments to the Constitution of the United States.

4.    The matter in controversy exceeds, exclusive of interest and costs, the sum or value of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS.

<u>PARTIES</u>

5.    The plaintiff, OUTANDEO JAINARINE, is a resident of Queens County, State of New York.

6.    Upon information and belief, at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK (hereinafter referred to as "THE CITY"), was and still is a municipal corporation duly organized and existing under and by virtue of the laws and Constitution of the State of New York.

7.    Upon information and belief, at all times hereinafter mentioned, P.O. STEPHEN KINNEY was employed by the defendant, NEW YORK CITY POLICE DEPARTMENT, as a police officer.

8.    The defendant, NEW YORK CITY POLICE DEPARTMENT (hereinafter referred to as "NYPD"), is a local governmental agency duly formed and operating under and by virtue of the laws and Constitution of the State of New York and, as such, is responsible for the policies, practices and customs of its detectives, police officers and civilian employees, as well as

2

the hiring, screening, training, supervising, controlling and disciplining of same.

9.    Upon information and belief, at all times hereinafter mentioned, the defendant, THE CITY, its agents, servants and employees, operated, maintained and controlled the NYPD and its police officers.

10.    This action arises under the United States Constitution, particularly under provisions of the First, Fourth and Fourteenth Amendments, Title 42 United States Code Section 1983 and arising under the laws and statutes of the State of New York.

11.    Each and all of the acts of the defendants alleged herein were done by the defendants, their agents, servants, and employees, and each of them not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York and the City of New York, and under the authority of their office as police officers of said State and City.

<u>PENDENT STATE CLAIMS</u>

12.    On July 29, 2011, plaintiff served a Notice of Claim on THE CITY alleging that he sustained personal injuries due to the defendants' use of excessive force.

3

13.   The plaintiff testified at a "50-h hearing" pursuant to the General Municipal Law §50-h on January 30, 2012.

14.   More than thirty (30) days have elapsed since the Notice of Claim was served upon the defendants and the defendants have neglected or refused to make any adjustment or payment thereof.

<u>AS AND FOR A FIRST CAUSE OF ACTION</u>

15.   The plaintiff, OUTANDEO JAINARINE, repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "14" with the same force and effect as if more fully set forth herein.

16.   On May 1, 2011, at approximately 9:05 P.M., the plaintiff and a friend, Walter Baldeo, were inside the lobby/foyer of the plaintiff's apartment building located at 216-20 Jamaica Ave., Queens Village, NY 11428. Walter Baldeo was sitting on the stairs and the plaintiff was leaning against the wall near the front door.

17.   Shortly thereafter, the plaintiff exited the foyer, urinated in the alley on the side of the building, re-entered the lobby/foyer and took up the same position near the door.

18.   The front door was open a crack.

19.   At approximately 9:10 P.M., P.O. Stephen Kinney threw

4

open the door with a tremendous amount of force.

20. The door struck the plaintiff in the forehead.

21. As a result of this blow to the head, the plaintiff lost consciousness and fell to the floor.

22. According to Walter Baldeo, P.O. Kinney and another officer entered the lobby/foyer, dragged plaintiff out to the sidewalk by his feet and handcuffed him.

23. Upon information and belief, P.O. Kinney arrested the plaintiff at that point in time and charged him with Throwing or Dropping Offensive Matter (Health Code § 153.09) and Resisting Arrest (Penal Law § 205.30).

24. The detention, arrest and imprisonment of the plaintiff, OUTANDEO JAINARINE, was caused by the defendants, their agents, servants and employees, without any warrant or other legal process and without authority of the law, and without any reasonable cause or belief that the plaintiff was in fact guilty of such offenses.

25. On May 1, 2011, at approximately 9:10 P.M., the plaintiff was lawfully and properly at the above-mentioned location and was injured as a result of P.O. Kinney recklessly pushing the front door open. This reckless act caused the plaintiff to sustain severe, permanent and protracted personal injuries.

26.   Thereafter, P.O. Kinney arrested and imprisoned the plaintiff and with full force of arms, forcibly and violently seized, assaulted and laid hold of him.  Eventually an ambulance took the plaintiff to Long Island Jewish Medical Center where he was handcuffed to the bed.

27.   A CT Scan of the head revealed a comminuted right frontal bone fracture.

28.   On May 2, 2011, plaintiff continued to be detained and held at Long Island Jewish Medical Center and continuing to other places and times including, but not limited to, the 105th Precinct, Central Booking and detention cells at Queens Criminal Court.

29.   On May 3, 2011, plaintiff was arraigned before a Criminal Court Judge and released on his own recognizance.  The case was adjourned to May 12, 2011.

30.   On May 12, 2011, plaintiff's case was adjourned in contemplation of dismissal.

31.   On November 10, 2011, the case was dismissed and sealed.

32.   The defendants, acting within the scope of their authority and within the scope of their employment, detained and imprisoned the plaintiff even though people who get caught urinating in public usually receive a summons and are not

6

detained.  Moreover, the defendants knew that the Resisting Arrest charge was false and without merit.

33.  The plaintiff did not contribute in any way to the conduct of the defendants and was forced by the defendants to submit to the assault, arrest and imprisonment against his will.

34.  As a result of the aforesaid accusations made by defendants acting under their employment and within the scope of their authority, made falsely, publicly, wickedly and maliciously, the plaintiff was compelled to appear before a Judge of the Criminal Court of the County of Queens and to be arraigned on May 3, 2011 on the charges of Resisting Arrest and Throwing or Dropping Offensive Matter.

35.  The plaintiff was conscious of his confinement from the time that he re-gained consciousness until he was released after his arraignment.

36.  The defendants did not possess any type of privilege to confine the plaintiff.

37.  As a result of the above-mentioned false arrest, imprisonment and detention, the plaintiff was subjected to great indignities, humiliation and ridicule in being so detained and was greatly injured in his credit and circumstances and was then and there prevented and hindered from preforming and transacting his necessary affairs and business and was caused to suffer much

7

pain in both mind and body, the loss of employment and the loss of employment opportunities.

38. By reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and is entitled to an award of punitive damages.

<u>AS AND FOR A SECOND CAUSE OF ACTION</u>

39. Plaintiff, OUTANDEO JAINARINE, repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "38" with the same force and effect as if more fully set forth herein.

40. The defendants, THE CITY and NYPD, were careless and reckless in hiring and retaining the services of P.O. STEPHEN KINNEY, in that this defendant lacked the experience, deportment and ability to be employed by the defendants; in that the defendants failed to exercise due care and caution in their hiring practices, and in particular, in hiring P.O. KINNEY who lacked the mental capacity and the ability to function as an employee of the aforementioned defendants; in that the defendants, THE CITY and NYPD, failed to investigate P.O. KINNEY'S background; in that the defendants hired and retained P.O. KINNEY who was unqualified because he lacked the maturity, sensibility and intelligence to be a police officer; the

8

defendants, their agents, servants and employees were otherwise careless, negligent and reckless.

41.   The aforesaid false arrest and imprisonment, assault and battery and resulting injuries to the mind and body of the plaintiff were caused wholly and solely by reason of the negligence of the defendants without any negligence on the part of the plaintiff contributing thereto.

42.   By reason of the aforesaid, the plaintiff was injured in mind and body and will continue to suffer physical and mental pain and was rendered sick, sore, lame and disabled and was incapacitated and will, upon information and belief, be so incapacitated in the future, and has expended and incurred diverse sums of money in an effort to cure himself of said injuries and to extricate himself from the indignities and humiliation foisted upon him by the action of the defendants.

43.   By reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

### AS AND FOR A THIRD CAUSE OF ACTION

44.   Plaintiff, OUTANDEO JAINARINE, repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "43" with the same force and effect as if more fully set forth herein.

45.   The defendants negligently, carelessly and recklessly failed to properly train and supervise their employees, in particular defendant P.O. STEPHEN KINNEY, in that they failed to teach him the following: the proper method of restraining a suspect; to control his temper and exercise proper deportment and temperament; to act as a reasonably prudent police officer.   In addition, the defendants failed to give P.O. KINNEY the proper instructions as to his deportment, behavior and conduct as a representative of his employers.

46.   The aforesaid  false arrest and imprisonment, assault and battery and the resulting injuries to the plaintiff's mind and body, were caused wholly and solely by reason of the negligence of the defendants.

47.   By reason of the aforesaid, the plaintiff was injured in mind and body and will continue to suffer physical and mental pain, and was rendered sick, sore, lame and disabled and so remains and was incapacitated and will, upon information and belief, be so incapacitated in the future, and has expended and incurred diverse sums of money in an effort to cure himself of said injuries to extricate himself from the indignities and humiliation foisted upon him by the actions of the defendants.

48.   By reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

## AS AND FOR A FOURTH CAUSE OF ACTION

49.  Plaintiff, OUTANDEO JAINARINE, repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "48" with the same force and effect as if more fully set forth herein.

50.  Defendant STEPHEN KINNEY negligently, carelessly and recklessly performed his police duties in that he failed to use such care as a trained police officer would have used under similar circumstances in that he arrested the plaintiff without conducting a proper investigation.  In addition, the defendants were negligent, careless and reckless in the manner in which they operated, controlled and maintained the arrest of the plaintiff. Also, P.O. KINNEY negligently, carelessly and recklessly, without provocation and with force and violence, pushed open the door with excessive force causing it to slam into plaintiff's head. In addition, P.O. KINNEY dragged plaintiff out to the sidewalk by his feet while he was unconscious and detained him, thereby interfering with plaintiff's right of free movement on a public street.

51.  The aforesaid false arrest and imprisonment, assault and battery and the resulting injuries to the plaintiff's mind and body were caused wholly and solely by reason of the negligence of the defendants.

52.   By reason of the aforesaid, the plaintiff was injured in mind and body, still suffers and, upon information and belief, will continue to suffer physical and mental pain, and was rendered sick, sore, lame and disabled, and was incapacitated and will, upon information and belief, be so incapacitated in the future, and has expended and incurred diverse sums of money in an effort to cure himself of said injuries to and to extricate himself from the indignities and humiliation foisted upon by the actions of the defendants.

53.   By reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

## AS AND FOR A FIFTH CAUSE OF ACTION

54.   Plaintiff, OUTANDEO JAINARINE, repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "53" with the same force and effect as if more fully set forth herein.

55.   On May 1, 2011, at approximately 9:10 P.M., while the plaintiff was lawfully inside the lobby/foyer of the building in which he lived (216-20 Jamaica Ave., Queens Village, NY 11428), and at subsequent times thereafter, the defendants maliciously detained and prosecuted plaintiff without any just right or

grounds therefore.

56.   The plaintiff was and is wholly innocent of the Resisting Arrest charge and was forced by the defendants to submit to court proceedings.

57.   On May 3, 2011, before a Judge of the Criminal Court of the City of New York, Queens County, the defendants falsely, maliciously and without probable cause or provocation charged the plaintiff with Resisting Arrest pursuant to Penal Law § 205.30.

58.   The defendants, acting in the performance of their employment and within the scope of their authority, testified falsely and withheld vital information before the aforementioned Judge.

59.   The prosecution on criminal charges were instituted and procured by the defendants in this action unlawfully and maliciously and without any reasonable or probable cause whatsoever.   Also, the commencement of the criminal proceedings by the defendants against the plaintiff was without probable cause and with actual malice.

60.   By reason of the aforesaid unlawful and malicious prosecution, the plaintiff was deprived of his liberty, subjected to great indignity, humiliation, pain and great distress of mind and body, held up to scorn and ridicule, was injured in his character and reputation and prevented from attending his usual

13

business and avocation.

61. As a result thereof, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

## AS AND FOR A SIXTH CAUSE OF ACTION

62. Plaintiff, OUTANDEO JAINARINE, repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "61" with the same force and effect as if more fully set forth herein.

63. On May 1, 2011, at approximately 9:05 P.M., P.O. KINNEY allegedly saw plaintiff urinating on the side of a building.

64. Thereafter, P.O. KINNEY saw plaintiff enter the lobby/foyer of 216-20 Jamaica Ave., Queens Village, NY 11428. A few moments later, even though the lobby door was not completely closed, P.O. Kinney threw the door open with excessive force, thereby causing it to slam into plaintiff's head.

65. Immediately thereafter, P.O. KINNEY falsely arrested and imprisoned plaintiff and deprived him of his rights and liberties as set forth in the Constitution of the United States and the Constitution of the State of New York.

66. All of the actions of P.O. KINNEY were committed with the intention to cause bodily and mental injury to the plaintiff

and to arrest, restrain and imprison him without his consent. The plaintiff, at all times after re-gaining consciousness, was aware of his arrest and confinement and did not consent thereto.

67.   The arrest and imprisonment of the plaintiff were not justified by probable cause or other legal privilege.   Moreover, P.O. KINNEY, acting under the color of statutes, ordinances, regulations, customs and usages of the  City of New York, County of Queens and the New York City Police Department, and under the authority of his office as a police officer for the police department, charged the plaintiff with Resisting Arrest even though he knew that such charge was false.

68.   P.O. KINNEY caused an assault and battery when he, in a hostile and offensive manner, threw open the door in question, knocked the plaintiff unconscious and then dragged him by his feet onto the sidewalk.

69.   The defendants failed to adequately and properly hire, retain, train, supervise, discipline or in any other way control the behavior and the performance of P.O. KINNEY.   Also, the defendants failure to enforce the laws of the State of New York is evidence of their reckless lack of regard for the rights of the public, including plaintiff, and exhibited a lack of that degree of due care which prudent and reasonable individuals would show in executing the duties of the defendants.

70.   The  failure  of  the  defendants  to  hire,  train, supervise,  discipline  or  in  any  other  way  control  the  police officer in question in the exercise of his functions and their failure to enforce the laws of the State of New York, the City of New York and the New York City Police Department was carried out willfully, wantonly, maliciously and with such reckless disregard for the consequences as to display a conscious disregard for the dangers of harm and injury to the citizens of the State of New York and the City of New York including the plaintiff.

71.   Due to the acts of the defendants including, but not limited to, the failure of the NYPD to discipline and properly hire the police officer in question and the continued employment of this officer represents a clear and present danger to the citizens of the City of New York and the State of New York.

72.   The prosecution of the plaintiff on the criminal charge of Resisting Arrest was instituted and procured by the defendants in  this  action  unlawfully  and  maliciously  and  without  any reasonable or probable cause whatsoever.  The commencement of the criminal proceeding by the defendants against the plaintiff was without probable cause and with actual malice.

73.   The  defendants  permitted  the  use  of  policy  and/or drafted policy that was violative of the constitutional rights of the plaintiff in that each and all of the acts of the defendants

were done not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York and the County of Queens, and under the authority of their office as police officers for THE CITY and NYPD.

74. The plaintiff merely urinated in public, a minor offense, immediately prior to the time that he was assaulted, battered, falsely arrested, imprisoned, maliciously prosecuted and deprived of his constitutional rights.

75. As a direct result of the illegal actions and conduct on the part of the defendants, the plaintiff was falsely arrested and imprisoned, assaulted and battered, maliciously prosecuted and compelled to be arraigned and appear in Criminal Court, County of Queens and to undergo a criminal prosecution.

76. At all times hereinafter mentioned, P.O. KINNEY was employed in his respective capacity by the defendant, NYPD, and was acting under the color of his official capacity and his acts were performed under the color of policies, statutes, ordinances, rules and regulations of the NYPD.

77. At all times hereinafter mentioned, P.O. KINNEY was acting pursuant to orders and directives from the defendants, THE CITY and NYPD.

78.   The defendants, separately and in concert, engaged in the illegal conduct mentioned above to the injury of the plaintiff and deprived him of his rights secured by the First, Fourth, and Fourteenth Amendments to the Constitution of the United States.

79.   Police officers that are employed by the defendant, NYPD, acting under color of law, have subjected the plaintiff, and other persons, to a pattern of conduct consisting of illegal harassment, assault, battery, false imprisonment, false arrest and malicious prosecution on the public streets of the City of New York, in the County of Queens, State of New York, in denial of rights, privileges and immunities guaranteed by the Constitution of the United States.

80.   This systematic pattern of conduct consists of a large number of individual acts of violence, intimidation, false arrest, false imprisonment and malicious prosecution visited on plaintiff and other citizens by members of the NYPD acting in concert with persons unknown to plaintiff and under color of law and said acts, while carried out under color of law, have no justification or excuse in law and are instead illegal, improper and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

81.   Although defendants knew or should have known of the fact that this pattern of conduct was carried out by their agents, servants and employees, the defendants, THE CITY and NYPD, have not taken any steps or made any efforts to halt this course of conduct, to make redress to the plaintiff or other citizens injured thereby, or to take any disciplinary action whatsoever against any of their employees or agents.

82.   The unlawful and illegal conduct of the defendants deprived plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States and the Constitution of the State of New York:

(a) the right to be secure in his person and effect against unreasonable searches and seizures under the Fourth and Fourteenth Amendments;

(b) the right to be informed of the nature and cause of the accusations against him as secured to him under the Sixth and Fourteenth Amendments;

(c) the right not to be deprived of life, liberty or property without due process of law;

(d) the right to the equal protection of the laws secured by the Fourteenth Amendment.

83.   By reason of the aforesaid violations (false arrest, false imprisonment, assault, battery and malicious prosecution)

caused by the defendants who conspired together to enter into a nefarious scheme to wrongfully deprive the plaintiff and compel him to abandon his rights and privileges as provided to him by the Constitution of the United States of America and the Constitution of the State of New York, and laws related thereto, the defendants acted as persons who under color of any statute, ordinance, regulation, custom or usage subjected the plaintiff to be deprived of his rights, privileges or immunities and subjected him to great indignities and humiliation, and pain and distress of mind and body, and he was held up to scorn and ridicule, injured in his character and reputation, prevented from attending his usual business and vocation and was injured in his reputation in the community.

84.  By reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

85.  By reason of the aforesaid, the plaintiff requests the following relief:

(a) compensatory damages in the sum of SIX MILLION ($6,000,000.00) DOLLARS as per the schedule set forth below;

(b) punitive damages of TWO MILLION ($2,000,000.00) DOLLARS;

(c) an award of reasonable attorney's fees, costs and disbursements.

86.   Plaintiff requests a trial by jury of all issues involved in this complaint.

87.   Plaintiff also requests such other and further relief as this Court may deem just and proper under the circumstances.

WHEREFORE, plaintiff demands judgment against the defendants as follows:

ON THE FIRST CAUSE OF ACTION.................$1,000,000.00

ON THE SECOND CAUSE OF ACTION...............$1,000,000.00

ON THE THIRD CAUSE OF ACTION.................$1,000,000.00

ON THE FOURTH CAUSE OF ACTION...............$1,000,000.00

ON THE FIFTH CAUSE OF ACTION.................$1,000,000.00

ON THE SIXTH CAUSE OF ACTION.................$1,000,000.00

Dated: Forest Hills, NY
       March 4, 2013

Yours truly,

MICHAEL DREISHPOON, ESQ.
Attorney for Plaintiff
118-35 Queens Blvd., Ste. 1500
Forest Hills, NY 11375
718-793-5555

## CERTIFICATION

    Pursuant to 29 CFR 220.32, the undersigned, an attorney admitted to practice in the courts of the Eastern District of New York, certifies that upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous, are well grounded in fact and are warranted by existing law.


Dated: Forest Hills, NY
       March 4, 2013



                                       MICHAEL DREISHPOON, ESQ.